

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 11, 2014

<u>**UNDER SEAL**</u>

The Honorable Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street, Room 633
White Plains, NY  10601-4150

  Re: <u>*U.S. ex rel. Amico et al. v. Citigroup, Inc., et al.,* 14 Civ. 4370 (CS) **(Under Seal)**</u>

Dear Judge Seibel:

  This Office represents the United States in the above-referenced *qui tam* action, filed under seal by relators on June 17, 2014, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act").  The Government anticipates moving under 31 U.S.C. § 3730(c)(2)(A) to dismiss those claims asserted in the *qui tam* complaint that overlap with claims that already are the subject of a settlement that the Government anticipates finalizing shortly.  Accordingly, pursuant to Your Honor's individual practice rules, the Government respectfully requests a pre-motion conference in connection with this motion.

  Four weeks ago, relators filed a *qui tam* action under the False Claims Act, asserting claims against nine Citi companies[1] arising out of Residential Mortgage Backed Securities (RMBS), Collateral Debt Obligations (CDOs), and structured investment vehicles (SIVs) that were created and sold by Citi.  Since 2012, however, the Government has been investigating Citi's conduct with respect to, among other things, its underwriting practices and its practices regarding the creation and sale of RMBS and CDOs, and anticipates finalizing a settlement with Citi in the coming days.  The Government's investigation and impending settlement with Citi have not relied in any respect on information or contributions provided by relators.  The filing of this *qui tam* action has not brought new information to, or conferred any benefit, on the United States as to the claims being settled.  Permitting relators to raise such claims in these circumstances would provide relators with the opportunity to claim an unearned reward, which would undermine the purpose of the *qui tam* provisions of the False Claims Act and siphon

---

[1] The defendants are:  (1) Citigroup, Inc.; (2) Citibank Na, Inc.; (3) Citimortgage, Inc.; (4) Citigroupmortgage Loan Trust, Inc.; (5) Citigroup Mortgage Securities, Inc.; (6) Citigroup Residential Mortgage Securities, Inc.; (7) Citifinancial Mortgage Securities, Inc.; (8) Citigroup Global Markets, Inc.; and (9) Citigroup Global Markets Realty Corp., referred to collectively as "Citi" in this Memorandum.

money away from the taxpayers who bore the brunt of Citi's conduct. For these reasons, the United States has determined to move under section 3730(c)(2)(A) to dismiss relators' claims related to Citi's creation and sale of RMBS and CDOs.

**Discussion**

The False Claims Act authorizes the Attorney General to dismiss a *qui tam* action over a relator's objection:

> The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

31 U.S.C. § 3730(c)(2)(A). As the Second Circuit has observed, this provision gives the government "ample authority" to

> bring the litigation to an early end, and although the *qui tam* plaintiff must be given a hearing, the court need not, in order to dismiss, determine that the government's decision is reasonable. *See, e.g., United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d at 1145 (in light of Separation of Powers concerns, district court need find only that the government's decision to dismiss a *qui tam* suit, even a meritorious one, is supported by a "valid governmental purpose" that is not arbitrary or irrational and has some "rational relation" to the dismissal).

*United States ex rel. Stevens v. Vermont Agency of Natural Resources*, 162 F.3d 195, 201 (2d Cir. 1998), *rev'd on other grounds*, 529 U.S. 765 (2000). Similarly, in *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003), the D.C. Circuit held that the United States has an "unfettered right to dismiss" under § 3730(c)(2)(A). The court likened a Government motion for dismissal under section 3730(c)(2)(A) to both (i) a "decision[] not to prosecute, which is . . . unreviewable," *id.*, and (ii) a Rule 41(a)(1)(i) dismissal, which "permits a plaintiff to dismiss a civil action 'without order of the court,'" *id.*

Here, the Government intends to dismiss the case because relators have contributed nothing to either the Government's investigation or the impending settlement with Citi. If this case is not dismissed, relators might be entitled to a share of some portion of the proceeds to be paid in connection with the impending settlement. Given relators' lack of any contribution to such proceeds, the payment of a share to relators from those proceeds would constitute an unconscionable windfall to relators at the expense of the taxpayers and the Treasury. Relators should not share in the government's recovery when they did nothing to advance the recovery for that fraud. The public fisc should not be depleted to pay a relators' share where the Government had already investigated Citi's RMBS and CDOs and already negotiated a resolution of the RMBS and CDO claims alleged by relators. Such a result would stand the FCA on its head – by allowing relators to benefit from, rather than requiring them to contribute to, the investigative efforts of the United States, and to detract from the public fisc rather than benefiting it.